IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLENN W. REED, Jr.,
K-02280,

Petitioner,

vs.

JUSTIN HAMMERS,

Respondent.                                    Case No. 15-cv-00872-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Glenn Reed, Jr., who is currently incarcerated in Illinois River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in order to challenge his 1998 state convictions for first degree murder and aggravated vehicular hijacking. (Doc. 1). He challenges the convictions on due process and ineffective assistance of counsel grounds. (*Id.* at 12-31).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the claims, the Court concludes that the § 2254 petition warrants further review.

I.      **Background**

On June 11, 1998, Glenn Reed and his twin brother, Lenn Reed,[1] were found guilty of first degree murder and aggravated vehicular hijacking in the Madison County Circuit Court in Edwardsville, Illinois. (Doc. 1 at 1). Glenn was sentenced to concurrent terms of seventy years of imprisonment on the murder conviction and thirty years on the vehicular hijacking conviction. (*Id.* at 1, 42). He appealed both convictions to the Appellate Court of Illinois (*Id.* at 2). In his appeal, Glenn argued that the evidence was insufficient to prove his guilt; it was reversible error to introduce an accomplice's prior statement; the trial court abused its discretion when it allowed the jury to view an inaudible videotape; the prosecutor committed misconduct; the trial court erred by allowing the State to add another count of murder/felony murder to the indictment on the eve of trial; trial counsel was incompetent; the sentence imposed was unfair; and the sentence was unconstitutional. (*Id.* at 3). On September 7, 2001, the appellate court affirmed the conviction, but modified Glenn's murder sentence to a sixty-year term. (*Id.* at 2, 53). Glenn filed a petition seeking leave to appeal to the Supreme Court of Illinois, and it was denied on December 5, 2001. *People v. Reed*, 763 N.E.2d 776 (Ill. 2001). He did not file a petition for writ of certiorari in the United States Supreme Court. (*Id.* at 4).

---

[1] Lenn filed a § 2254 petition in this District a week before Glenn did the same. *See Reed v. Duncan*, Case No. 15-cv-00835-DRH-CJP (S.D. Ill. 2015). Because the twin brothers were convicted and sentenced together for the same crimes, their direct appeals and post-conviction proceedings were consolidated. In their § 2254 petitions, they set forth virtually the same arguments. Although Glenn did not do so, Lenn filed a motion for permissive joinder or, in the alternative, motion to consolidate the habeas matters (Doc. 2), and that motion was referred to United States Magistrate Judge Clifford J. Proud for further consideration on August 24, 2015. The motion is pending.

On September 21, 2001, Glenn filed his first state petition for post-conviction relief. (*Id.* at 4, 11). In it, he claimed that his trial counsel was ineffective for failing to have certain evidence tested and for failing to adequately prepare for trial. (*Id.* at 6). He supplemented the petition numerous times to raise additional arguments. (*Id.* at 7-8). The original petition was denied on October 19, 2009. (*Id.* at 6, 11, 57-59). Glenn appealed certain portions of the petition to the Appellate Court of Illinois, and the appellate court affirmed the lower court's decision to deny post-conviction relief on June 1, 2012. (*Id.* at 9, 11, 61-67). A timely petition for rehearing was filed, but denied on June 26, 2012. (*Id.* at 9, 11). Glenn was subsequently denied leave to appeal by the Illinois Supreme Court. (*Id.* at 6). He filed a second petition for post-conviction relief on April 13, 2013, in which he requested DNA testing in support of his claim of actual innocence. (*Id.*). The second petition was denied on June 13, 2014. (*Id.*). Glenn's appeal of the second petition for post-conviction relief remains pending. (*Id.* at 9). The instant petition followed on August 7, 2015. (Doc. 1).

## II.   The Petition

In his § 2254 petition, Glenn challenges his convictions on the following grounds: (1) the state convictions were products of insufficient evidence; (2) the trial court committed error by allowing the jury to view a largely inaudible and irrelevant videotape; (3) his convictions were the product of perjured testimony; (4) the prosecutor misled the jury; and (5) his trial counsel was

ineffective (i.e., for failing to object to the jury selection process, failing to produce exculpatory evidence, failing to challenge violations of *Brady*, failing to present fingerprint evidence, and failing to present evidence regarding the true perpetrators' identity) (*Id.* at 12-32).

### III.   Discussion

In light of the many, complicated claims in the petition, the Court cannot conclude that dismissal of the petition at the preliminary stage is appropriate. Further review of the petition is necessary.  For this reason, Respondent will be ordered to answer the petition or otherwise file a responsive pleading.

This Order should not be construed as a decision regarding the merits of any particular claim asserted in the § 2254 petition.  In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc.  It is not clear, for example, whether Glenn fully exhausted all means of available relief under state law before filing the instant petition.  *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Bourke,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Urawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).  A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to rise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). This means that Glenn must exhaust all means of available relief under state law before pursuing habeas relief, which includes review of his claims through the entire Illinois appellate process, including the state's highest court.  It is also not

clear that Glenn exhausted his remedies with respect to all, or merely some, of his claims. A petitioner is required to present *every* claim included in the federal habeas petition in a petition for discretionary review to a state court of last resort. *O'Sullivan,* 526 U.S. at 846-47. With that said, a response shall be ordered.

### IV.    Disposition

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the petition within thirty days of the date this Order is entered.[2] This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, and Chicago, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: September 2, 2015**

*Digitally signed by David R. Herndon*
*Date: 2015.09.02 14:57:28 -05'00'*

**United States District Judge**